Julia N. Pavlosky, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 5, 1980, before Judge MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Paul A. Robb,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 4, 1980:

This is the appeal of Julia N. Pavlosky from an order of the Unemployment Compensation Board of Review disallowing Ms. Pavlosky's appeal from a referee's determination that she is ineligible for unemployment compensation benefits.

Ms. Pavlosky was employed by Hills Department Store for two and one-half years as head night clerk of the layaway department. She was paid minimum wage. In April 1978 she left work on a leave of absence in order to care for her husband who required constant care due to a brain disorder. Her leave of absence was initially for thirty days but was subsequently extended until such time as Ms. Pavlosky could return to work. In October 1978 Ms. Pavlosky was told by Hills that when she returned to work she would have to return as a new employee. In November 1978 Ms. Pavlosky was asked by Hills to sign a voluntary resignation form, which she refused to do.

Ms. Pavlosky's husband's condition improved sufficiently so that on December 26, 1978 Ms. Pavlosky was able to resume working. However, Ms. Pavlosky did not contact Hills at this or any other time regarding her return to work. Instead, Ms. Pavlosky immediately applied for unemployment compensation benefits. The Office of Employment Security denied the

application on the ground that Ms. Pavlosky voluntarily left work without cause of a necessitous and compelling nature when she failed to return to work on December 26, 1978. *See* Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Upon appeal, a referee affirmed the Office's determination. Further appeal was disallowed by the Board.

Ms. Pavlosky contends that the referee's findings of fact are improperly based upon the testimony of Carol Gabrielsen, an employee of a consulting firm which represents Hills in unemployment compensation cases. Counsel for Ms. Pavlosky objected to the admission of Ms. Gabrielsen's testimony as hearsay. Therefore, Ms. Pavlosky argues, that testimony cannot provide the basis of the referee's findings. *See, e.g., Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366(1976). We agree that in these circumstances Ms. Gabrielsen's testimony cannot be the foundation for the referee's findings. However, we have carefully read the record and find that all of the referee's findings, with one exception, are amply supported by Ms. Pavlosky's own testimony and exhibits offered into evidence by her. The one exception—the date on which Ms. Pavlosky was removed from Hill's payroll —while unsupported by any evidence other than Ms. Gabrielsen's hearsay testimony, is not necessary to support the referee's conclusions of law and order.

Ms. Pavlosky next contends that the referee erred in failing to find that she terminated her employment for a cause of a necessitous and compelling nature. She argues that she left work in April, 1978 in order to care for her disabled husband and that this provides sufficient good cause for leaving work. However, the referee found, based upon Ms. Pavlosky's

own testimony, that she did not terminate her employment in April, 1978, but rather was on leave of absence until such time as her husband's condition permitted her return to work. Thus, Ms. Pavlosky's voluntary separation occurred on December 26, 1978 when she could have returned to work, but did not do so. Ms. Pavlosky's testimony reveals that she did not report to Hills for work on or after December 26, 1978 because she was dissatisfied with Hills' treatment of her, particularly with Hills decision that she must return to work as a new employee, and because she did not feel that Hills would in fact rehire her. These are not in our opinion sufficiently necessitous and compelling reasons for failing to return to work with Hills.

Accordingly, we enter the following:

ORDER

AND Now, this 4th day of June, 1980, the order of the Unemployment Compensation Board of Review disallowing the appeal of Julia N. Pavlosky and affirming a referee's determination that Ms. Pavlosky is ineligible for unemployment compensation benefits is affirmed.